UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARAETTA R. WILLIAMS,

                Plaintiff,                CASE NUMBER: 13-12776
                                      HONORABLE VICTORIA A. ROBERTS

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

                Defendants.

_____/

**ORDER GRANTING DEFENDANT FEDERAL HOUSING FINANCE AGENCY'S MOTION TO DISMISS (DOC #6) AND GRANTING DEFENDANTS' NATIONSTAR MORTGAGE AND FEDERAL NATIONAL MORTGAGE ASSOCITION MOTION TO DISMISS (DOC. #7)**

**I.      INTRODUCTION AND BACKGROUND**

On May 15, 2013, Claraetta Williams filed this Complaint in state court against Federal National Mortgage Association ("Fannie Mae") and Nationstar Mortgage, LLC ("Nationstar") (collectively, "Defendants") to set aside the sale of her home.  Defendants removed the action.

On September 7, 2005, Williams executed a note in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), to secure the purchase of her property (the "Property").  MERS assigned its interest to Nationstar, then servicer of the loan for Fannie Mae.

Undisputedly, Williams filed for Chapter 13 Bankruptcy on October 26, 2010 after defaulting on her mortgage.  Under the terms of the confirmed plan, Williams agreed to

1

making monthly payments to Nationstar; she defaulted.

The bankruptcy trustee filed a motion to dismiss Williams' petition for failure to make payments.  On December 12, 2012, Williams submitted a Proposed   Plan Modification to reduce her monthly mortgage payment.  She withdrew the proposal after Nationstar objected.  On February 27, 2012, Williams submitted a second Proposed Plan Modification saying that she would surrender the Property.  No objections were made and the Proposed Plan Modification was confirmed on March 26, 2012.

Williams requested a loan modification and on August 25, 2012, Nationstar wrote her a letting saying:

> Thank you!  We have received your documentation for a loan modification. The evaluation period for a loan modification generally takes 30 days.  During this time, Nationstar Mortgage will review the contents of the Borrower Response Package you have submitted and determine whether or not you are eligible based on your gross income.  A complete package must be received in order for Nationstar Mortgage to make a decision. . . Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure process, including referral to foreclosure.  However, your property will not be sold at a foreclosure sale if your are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a modification plan.

In September, 2012, Nationstar initiated foreclosure by advertisement proceedings and purchased the Property at the sheriff's sale on October 10, 2012. Nationstar then transferred the Property to Fannie Mae.

Two days later, Williams received a packet with letters from Nationstar saying she was approved for a Trial Period Plan ("TPP"): "You did it!  By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable."  Another letter said, "Congratulations!  You are approved to enter into a trial period plan under the Home Affordable Modification

Program. . . To suspend foreclosure Nationstar Mortgage must be contacted at [], or in writing, or alternatively the first payment must be submitted no later than 10/25/12 to indicate intent to accept this offer."  Williams alleges that she did not make a TPP payment.  Time to redeem the property expired on April 10, 2013.

On April 12, 2013, Fannie Mae initiated eviction proceedings.  On May 17, 2013, Williams filed a six counts: (1) Count I-Injunctive Relief; (2) Count II-Declaratory Relief-Fannie Mae's Violations of Equal Protection and Due Process; (3) Count III-Fannie Mae's Denial of Equal Protection of the Law; (4) Count IV-Slander of Title/Quiet Title – Both Defendants; (5) Count V-Breach of Contract; and (6) Count VI-Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

On July 26, 2013 -- after removal -- the Court entered a Stipulated Order allowing The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Fannie Mae to intervene.

FHFA filed a motion to dismiss Counts II and III.  It says Fannie Mae is not a state actor.  Nationstar and Fannie Mae also filed a motion, to dismiss the remaining counts; they say Williams does not have an interest in the Property.  Defendants expressly incorporate each other's arguments in their brief.  Williams did not respond.

The Court **DISMISSES THIS ACTION WITH PREJUDICE.**  Fannie Mae is not a state actor.  Williams is not entitled to the property; she agreed to surrender title to it. And, neither Defendant is a debt collector.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt

that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. Id. However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must include in the complaint enough facts which allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2010).

Even if no response to a motion to dismiss is filed, a court must look at the Complaint and "conclude 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)(quoting *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594 (1972) (per curiam).

## III.   ANALYSIS

### A.   Counts II and III

In Counts II and III Williams alleges constitutional due process and equal protection violations against Fannie Mae.

But, as Fannie Mae argues, these claims fail as a matter of law because Fannie Mae is not a state actor.  *Colbert v. Fannie Mae*, 2013 U.S. Dist. LEXIS 54475, 40-41 ( E.D. Mich. Apr. 16, 2013)("Plaintiff's Fifth Amendment due process claim also fails as a matter of law because none of the Defendants in this action is a state actor whose conduct is subject to the Due Process clause. This Court agrees with the reasoning of other courts in this District concluding that Fannie Mae  is not a state actor.").

Counts II and III are dismissed.

**B.     Counts I, IV, and V**

Williams seeks to recover for the sale of her home.  She alleges that the sale is void because she entered into a loan modification. Defendants say Williams' claims are *res judicata* because she agreed to surrender the property in bankruptcy.  Alternatively, Defendants say Williams defaulted and they foreclosed; there was no binding loan modification.

Williams is barred from asserting title to the Property.  Under bankruptcy law, a confirmed plan is binding.  Williams agreed to surrender title to Nationstar, and she was obligated to do so.  Williams is precluded from now arguing that she retains an interest in the Property.

Furthermore, Williams had no binding loan modification.  The letters Williams received say that foreclosure proceedings would continue and not halt unless Williams was approved for, and made timely payments.  Williams' own Complaint says "Williams did not have a chance to remit payments under the loan modification due to the sheriff's sale being conducted 2 days prior to her receipt of the official approval letter." Nationstar was entitled to foreclose.

Counts I, IV, and V are dismissed.

**C.     Count VI**

Count VI alleges Nationstar violated the FDCPA.  This claim is dismissed because neither Nationstar not Fannie Mae is a debt collector as defined under the FDCPA, which excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the

extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

Williams' Complaint alleges that "Originating Lender and/or MERS assigned the mortgage to Nationstar Mortgage on or about August 19,2012 ("assignment date"), who then serviced the loan until the time of the sheriff's sale, on behalf of Fannie Mae." Complaint, Doc. 1 at 5, ¶ 8.

At the time Nationstar and Fannie Mae obtained the debt, Williams was not in default. *See McLaughlin v. Chase Home Fin. LLC*, 2013 U.S. App. LEXIS 5267, 10-11 (6th Cir. 2013); *Downs v. Clayton Homes, Inc.*, 88 Fed. App'x 851, 853 (6th Cir. 2004), (Defendant was a creditor, not a debt collector, because the Downses were not in default when Defendant acquired the note); *c.f. Mellentine v. Ameriquest Mortg. Co.*, No. 11-2467, 2013 U.S. App. LEXIS 3353 (6th Cir. 2013) (a law firm hired by a debtor's creditor to collect a debt is a debt collector).

Count VI is dismissed.

## IV.   CONCLUSION

Williams failed to plead a claim; Defendants' motions are **GRANTED**.  This Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 30, 2013

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
September 30, 2013.

S/Linda Vertriest
Deputy Clerk